| | | |
|---|---|---|
| **COURT TERMS**<br>CIRCUIT COURT<br>1ST MONDAY JANUARY<br>1ST MONDAY MARCH<br>1ST MONDAY MAY<br>1ST MONDAY JUNE<br>1ST MONDAY SEPTEMBER<br>1ST MONDAY NOVEMBER<br><br>SECOND DISTRICT<br>CIRCUIT<br>4TH MONDAY JANUARY<br>2ND MONDAY JULY<br>4TH MONDAY SEPTEMBER | *Office of the Circuit Court*<br>*Hinds County*<br>Zack Wallace Circuit Clerk<br>www.hindscountyms.com | **COURT TERMS**<br>COUNTY COURT<br>2ND MONDAY<br>EACH MONTH<br><br>SECOND DISTRICT<br>COUNTY<br><br>2ND MONDAY MARCH<br>2ND MONDAY JUNE<br>2ND MONDAY SEPTEMBER<br>2ND MONDAY DECEMBER |

**MARRECO MCDONALD**

_____                                                          **PLAINTIFF**

**VS**                                                                                                    NO. __20-324
**MISSISSIPPI DEPARTMENT OF EDUCATION**

                                                                                                    **DEFENDANTS**

### CLERK'S CERTIFICATION

I, **Zack Wallace, Clerk of Hinds County, Mississippi**, hereby certify that the attached are true and correct copies of all papers filed in the above styled and numbered cause, as of this date the same is of record in this office to wit:

**GIVEN UNDER MY HAND AND SEAL** of office this the _4TH_ day of __AUGUST__, __2020__.

Zack Wallace, Circuit Clerk, Hinds County

By ___KELLY CAUTHEN___ D.C.





EXHIBIT A

FIRST DISTRICT - JACKSON OFFICE
P.O. BOX 327 JACKSON, MS 39205
PHONE: 601-968-6628 FAX: 601-973-5547

SECOND DISTRICT - RAYMOND OFFICE
P.O. BOX 999 RAYMOND, MS 39154
PHONE:601-857-8038 FAX:601-857-0535

# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds Circuit Court - Jackson)
### CIVIL DOCKET FOR CASE #: 25CI1:20-cv-00324-TTG

MCDONALD v. MISSISSIPPI DEPARTMENT OF EDUCATION
Assigned to: Senior Circuit Judge Tomie Green

**Upcoming Settings:**

None Found

Date Filed: 06/02/2020
Current Days Pending: 59
Total Case Age: 59
Jury Demand: None
Nature of Suit: 5 Employment

**Plaintiff**

MARREO MCDONALD                represented by   MARREO MCDONALD
                                                PRO SE

V.

**Defendant**

MISSISSIPPI DEPARTMENT OF EDUCATION

| Date Filed | # | Docket Text |
|---|---|---|
| 06/02/2020 | 2 | COMPLAINT against MISSISSIPPI DEPARTMENT OF EDUCATION, filed by MARREO MCDONALD. (Attachments: # 1 Civil Cover Sheet,) (KK) (Entered: 06/02/2020) |
| 07/22/2020 | 3 | SUMMONS Issued to LYNN FITCH, ATTORNEY GENERAL ATTORNEY GENERAL'S OFFICE. (LM) (Entered: 07/22/2020) |

| MEC Service Center |||||
|---|---|---|---|---|
| Transaction Receipt |||||
| 07/31/2020 13:52:57 |||||
| You will be charged $0.20 per page to view or print documents. |||||
| MEC Login: | jc99546M | Client Code: | | |
| Description: | Docket Report | Search Criteria: | 25CI1:20-cv-00324-TTG | |
| Billable Pages: | 1 | Cost: | 0.20 | |

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

CASE NO. 20-324

**MARREO MCDONALD**
**(PLAINTIFF)**

**VS.**

**MISSISSIPPI DEPARTMENT OF EDUCATION**
**(DEFENDANT)**

## COMPLAINT
### (Jury Trial Requested)

The Plaintiff, Marreo McDonald, files this complaint against the Defendant, Mississippi Department of Education, to address retaliation in the workplace and to pursue the right to sue received from the Equal Employment Opportunity Commission- Jackson office.

### A. Parties

1. The Plaintiff, Marreo McDonald, is a residential citizen of Hinds County, Mississippi.

2. The Defendant, Mississippi Department of Education (MDE), is the state education agency of Mississippi.

### B. Jurisdiction and Venue

3. This Court has jurisdiction of Plaintiff's claims and venue is appropriate in the Circuit Court of the First Judicial District of Hinds County, Mississippi because Defendant maintains facilities and business operations in Hinds County, Mississippi and, upon information, all of the events giving rise to action occurred in the First Judicial District of Hinds County, Mississippi. (MS Const. Art. 6, § 156) (Miss. Code Ann. § 9-7-81) (Miss. Code Ann. § 11-11-3)

### C. Compliance with Statues

4. Plaintiff filed grievances against the improper written reprimands internally and with the Employee Appeals Board.

5. Plaintiff filed a hostile work environment complaint internally and with the Employee Appeals Board.

6. Plaintiff filed a retaliation complaint internally.

7. Plaintiff filed a charge with Equal Employment Opportunity Commission C- Jackson office. (Dismissal and Right to Sue Notice attached.)

### D. Facts Which Give Rise to Cause of Action

8. Marreo McDonald (McDonald) was doing as directed by his immediate supervisor, Sharon O Rosell (Rosell), on March 20th by consulting with Cherron Collins- Woodard (Woodard) and trying to get the order resubmitted timely.

9. When consulting with Woodard as directed, Woodard advised and approved McDonald to consult with Vivian Taylor (Taylor), who is a Certified Mississippi Purchasing Agent, in the Office of Procurement to address questions they had before resubmitting the order.

10. Getting the order resubmitted on March 20th accurately was impossible because Taylor did not respond to the email until the next morning.

11. Rosell did not completely read her email to know that McDonald did consult with Woodard and informed Taylor that the Office of Budget and Planning was trying to resubmit the order by close of business March 20th.

12. During the issuance of the improper written reprimand on March 22, 2019, McDonald made Rosell aware of the fact that he does not agree with the improper written reprimand because he did consult with Woodard and could not resubmit the order because he and

Woodard, who she insisted he consult with before resubmitting the order, had additional questions for the Office of Procurement before doing so. Therefore, McDonald did not sign the improper written reprimand.

13. McDonald filed his grievance on the March 26th which resulted in Rosell changing her stance to saying she felt that it was something McDonald could handle himself but insisted that he consult with Woodard before resubmitting the order on March 19th via email. With moving the grievance throughout the process, Elisha Campbell referenced wrong dates and supported the improper written reprimand even though McDonald made her aware that it was impossible for him to resubmit the order without Taylor addressing the questions emailed and Dr. Washington Cole was informed during the meeting of the fact McDonald consulted with Woodard but could not resubmit the order until Taylor addressed the questions. This grievance was submitted to the Employee Appeals Board on April 26th.

14. On April 8th, McDonald filed a hostile work environment complaint with the MDE's Human Resource Director, Cassandra Moore (Moore), against Rosell's retaliatory actions which was against the policy provided in the Employee Procedures Manual-Prohibition Against Retaliation (attached), due to him not signing the improper written reprimand and filing a grievance to bring awareness to her lack of responsibility to completely read her email and to notice his efforts to meet the deadline given.

15. Due to the continuance of Rosell's retaliatory behavior, McDonald filed another grievance to address another unjust written reprimand presented to him on April 25th for actions noted on his lunch break which was against the federal law 29 CFR 785.19.

McDonald filed his grievance on April 26th and submitted a retaliation complaint against Rosell to Moore on July 8th.

16. Rosell's retaliatory behavior led to her sabotaging McDonald's work by not informing him of next steps in the Bureau of Building process since this was his first time completing that task and she stated during his onboarding process that she would make sure he is properly trained in processes/ assigned duties he was not familiar with which led to his termination.

17. Rosell's retaliatory behavior continued until McDonald was escorted out of the MDE building by Moore on September 4, 2019.

### E. Cause of Action

18. Defendant owed Plaintiff the right to be free from retaliation due to his choice to file grievances against the improper written reprimands according to the MDE's Equal Employment Opportunity and Affirmative Action policy- Prohibition Against Retaliation (attached) which resulted in Plaintiff filing a hostile work environment complaint and retaliation complaint.

19. Mississippi labor laws do not have any laws requiring an employer to provide a meal period or breaks to employees, thus the federal rule applies.

### F. Damages

20. Plaintiff had to endure the retaliatory behavior of Rosell and the systemic bias of the Defendant which caused him mental anguish.

21. Plaintiff was denied a promotion within the Office of Budget and Planning due to Rosell's retaliatory efforts but was assigned to complete task of the position until it was filled.

22. Plaintiff was wrongfully terminated on September 19, 2019 due to Rosell retaliatory behavior and her efforts to sabotage his work due to him not being informed of the process for the Bureau of Building transfer.

### G. Prayer for Relief

Plaintiff, Marreo McDonald, hereby request judgement against the Defendant, Mississippi Department of Education, in the amount of $250,000 in punitive damages to compensate his lack of opportunities for personal and professional growth and benefits at the MS Department of Education which includes, but not limited to, tuition reimbursement and promotion opportunities due to the retaliation of Rosell. The Plaintiff would also like to be compensated for his emotional distress with having to endure Rosell's retaliatory behavior from March 25, 2019 until being escorted out the MDE building September 4, 2019 and MDE's systemic bias when providing proof of his claims. Plaintiff would also like to address wrongful termination by receiving a file change from termination to resignation and the improper written reprimands be removed from his personnel file.

This the 2nd day of June, 2020.

MARREO MCDONALD, PLAINTIFF

*/s/ Marreo McDonald*

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Marreo McDonald | From: Jackson Area Office |
|---|---|
| 2431B River Oaks Blvd | Dr. A. H. McCoy Federal Building |
| Jackson, MS 39211 | 100 West Capital Street, Suite 338 |
|  | Jackson, MS 39269 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423-2019-01142 | Joycelyn C. Humes, Investigator | (601) 948-8443 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)  Ezeah S. McDuffey, Director    03/04/2020 (Date Mailed)

cc: Erin Meyer
Special Assistant Attorney General
Attorney General's Office
P.O. Box 771
Jackson, MS 39205

| STATE OF MISSISSIPPI<br>DEPARTMENT OF EDUCATION | TOPIC: EQUAL EMPLOYMENT OPPORTUNITY<br>AND AFFIRMATIVE ACTION | |
|---|---|---|
| EMPLOYEE PROCEDURES MANUAL | **SECTION: 3.0**<br>**EFFECTIVE DATE:**<br>**REVISION #2:** | **PAGE 8 OF 8**<br>**MAY 1, 2000**<br>**JULY 1, 2011** |

### Prohibition Against Retaliation

Any and all acts of retaliation against persons who utilize the grievance procedure are expressly prohibited. Similarly, the MDE prohibits retaliation against witnesses or any other employees who might be called on to participate in investigations of complaints.

### Confidentiality

Complaints will be handled in strict confidence whenever possible. The necessity of a thorough investigation, however, may make complete confidentiality impossible. The MDE will release information relating to an investigation only where necessary and on a "need to know" basis.

### Evidence

The complaining party is encouraged to maintain and deliver to management any and all evidence of harassment, including diary entries and notes of dates, time and locations of conduct as well as names of witnesses to each instance of harassment.

### Duty to Participate in Investigations

Employees with knowledge concerning complaints of harassment or discrimination have a duty to participate in investigations by providing complete and timely information. Withholding information or failing to cooperate in a good faith manner will be considered a disciplinary infraction and may result in disciplinary action.

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Rev 2020)

Case Number: 25-1-CV-00324-TSG
Document # 2-1
Filed: 06/02/2020

County #: 25
Judicial District: 1
Court ID (CH, CI, CO): CI
Case Docket: 2020
Page #: 324

Month/Date/Year: 06/02/20

In the **CIRCUIT** Court of **HINDS** County — **FIRST** Judicial District

**Origin of Suit** (Place an "X" in one box only)
[X] Initial Filing
[ ] Reinstated
[ ] Remanded
[ ] Reopened
[ ] Foreign Judgment Enrolled
[ ] Joining Suit/Action
[ ] Transfer from Other court
[ ] Appeal
[ ] Other

**Plaintiff** - Party(ies) initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: **McDonald**, **Marreo**, M.I.: **M**
(Last Name, First Name, Maiden Name if applicable, M.I., Jr/Sr/III/IV)

Address of Plaintiff: 2431B River Oaks Blvd Jackson, MS 39211

Attorney (Name & Address): _____
[X] Check if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: *Marreo McDonald*
MS Bar No.: _____

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual: _____

Business: **Mississippi Department of Education**

Attorney (Name & Address) - If Known: Erin Meyers, P.O Box 771 Jackson MS 39205 (Office of Attorney General)
MS Bar No.: _____

[ ] Check if child support is contemplated as an issue in this suit.*

**Nature of Suit** (Place an "X" in one box only)

**Domestic Relations**
[ ] Child Custody/Visitation
[ ] Child Support
[ ] Contempt
[ ] Divorce: Fault
[ ] Divorce: Irreconcilable Diff.
[ ] Domestic Abuse
[ ] Emancipation
[ ] Modification
[ ] Paternity
[ ] Property Division
[ ] Separate Maintenance
[ ] Term. of Parental Rights-Chancery
[ ] UIFSA (eff 7/1/97; formerly URESA)
[ ] Other _____

**Appeals**
[ ] Administrative Agency
[ ] County Court
[ ] Hardship Petition (Driver License)
[ ] Justice Court
[ ] MS Dept Employment Security
[ ] Municipal Court
[ ] Other _____

**Business/Commercial**
[ ] Accounting (Business)
[ ] Business Dissolution
[ ] Debt Collection
[X] Employment
[ ] Foreign Judgment
[ ] Garnishment
[ ] Replevin
[ ] Other _____

**Probate**
[ ] Accounting (Probate)
[ ] Birth Certificate Correction
[ ] Mental Health Commitment
[ ] Conservatorship
[ ] Guardianship
[ ] Joint Conservatorship & Guardianship
[ ] Heirship
[ ] Intestate Estate
[ ] Minor's Settlement
[ ] Muniment of Title
[ ] Name Change
[ ] Testate Estate
[ ] Will Contest
[ ] Alcohol/Drug Commitment (Probate)

**Children/Minors - Non-Domestic**
[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other _____
[ ] Adoption - Contested
[ ] Adoption - Uncontested
[ ] Consent to Abortion
[ ] Minor Removal of Minority
[ ] Other _____

**Civil Rights**
[ ] Elections
[ ] Expungement
[ ] Habeas Corpus
[ ] Post Conviction Relief/Prisoner
[ ] Other _____

**Contract**
[ ] Breach of Contract
[ ] Installment Contract
[ ] Insurance
[ ] Specific Performance
[ ] Other _____

**Statutes/Rules**
[ ] Bond Validation
[ ] Civil Forfeiture
[ ] Declaratory Judgment
[ ] Injunction or Restraining Order
[ ] Other _____

**Real Property**
[ ] Adverse Possession
[ ] Ejectment
[ ] Eminent Domain
[ ] Eviction
[ ] Judicial Foreclosure
[ ] Lien Assertion
[ ] Partition
[ ] Tax Sale: Confirm/Cancel
[ ] Title Boundary or Easement
[ ] Other _____

**Torts**
[ ] Bad Faith
[ ] Fraud
[ ] Intentional Tort
[ ] Loss of Consortium
[ ] Malpractice - Legal
[ ] Malpractice - Medical
[ ] Mass Tort
[ ] Negligence - General
[ ] Negligence - Motor Vehicle
[ ] Premises Liability
[ ] Product Liability
[ ] Subrogation
[ ] Wrongful Death
[ ] Other _____

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

CASE NO. 20-324

**MARREO MCDONALD**
**(PLAINTIFF)**

VS.

**MISSISSIPPI DEPARTMENT OF EDUCATION**
**(DEFENDANT)**

### Summons

THE STATE OF MISSISSIPPI
TO: Lynn Fitch, Attorney General
Attorney General's Office
550 High Street
Jackson, MS 39201

NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Marreo McDonald, the Plaintiff, whose street address is 2431B River Oaks Blvd Jackson, MS 39211. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgement by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 22nd day of July, 2020.

Clerk of Hinds County, Mississippi
ZACK WALLACE, CIRCUIT CLERK